UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ROBERT DONLEY., | ) |
| Plaintiff, | ) |
| v. | ) Case No.  16-cv-1061 |
| SETH UPHOFF and TONY CHILDRESS, | ) |
| Defendants. | ) |

## ORDER & OPINION

Plaintiff Robert Donley, proceeding *pro se*, filed a Complaint on February 18, 2016, (Doc. 1), and was granted permission to proceed in forma pauperis on the same day. (Dkt. at Text Order of 2/18/2016). This matter is now before the Court on Plaintiff's motion for leave to file an amended complaint. (Doc. 7).

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff is permitted to file an amended complaint as a matter of course because the complaint has not yet been served. However, the Amended Complaint (Doc. 7) (and the original complaint, for that matter) suffers from a fatal flaw: it seeks to recover damages for Plaintiff's allegedly unconstitutional conviction or other harm caused by actions that would render his conviction invalid. As Plaintiff's underlying conviction remains intact, this action must be dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

In May of 1997, after a bench trial in Livingston County, Illinois, Plaintiff Robert Donley was found guilty of the first degree murder of his wife. *People v.*

*Donley*, 29 N.E.3d 683, 684-85 (Ill. App. Ct. 2015). Donley was later sentenced to forty-five years in prison. *Id.*

In this civil action, Plaintiff has sued Seth Uphoff, the Livingston County States Attorney who prosecuted him for murder, Tony Childress, the Sheriff of the Livingston County Police Department, his trial counsel Michael O'Rourke, and Investigator Jeff Hunt from the Illinois Department of Children and Family Services. (Doc. 7 at 2, 4). He claims that Defendants violated his Sixth Amendment rights. (*Id.* at 5).

In the Amended Complaint, Plaintiff raises a number of issues related to his prosecution for murder. First, he alleges that his attorney (O'Rourke), the prosecutor (Uphoff), and the Livingston County Sheriff (Childress) failed to provide him with required pre-trial mental health services. He alleges that his attorney and the prosecutor gave him an "improper psychiatric evaluation to see if [he] was fit to stand trial."(Doc. 7 at 5). He also alleges that his attorney did not introduce evidence of his mental illness during his trial. (*Id.*). And he alleges that he did not receive "mental health help" in the County Jail. (*Id.*). Instead, he alleges, the prosecution took advantage of his mental illness by sending jail staff and police officers to have conversations with him that were later used against him. (*Id.* at 6).

Next, he alleges that evidence used against him during the trial was either "switched," used "falsely . . . against him," or could have –but wasn't – used to impeach two jailhouse informants. (*Id.* at 6). Plaintiff focuses, in particular, on his belief that certain witnesses provided unchallenged but false testimony. (*Id.* at 9). He says that the evidence was insufficient to support a first degree murder conviction. (*Id.* at 6).

2

Next, he alleges that his counsel was ineffective during trial. For example, his lawyer did not cross-examine state witnesses, his lawyer failed to make any objections during trial, and his lawyer failed to point out various contradictions in the testimony of the state's witnesses. (*Id.*). Plaintiff argues that his lawyer did not engage with him or the case: the lawyer didn't speak with him, did not investigate the state's case, did not share any paperwork with him, and did not call witnesses that could have impeached the state's witnesses. (*Id.* at 7). Specifically, Plaintiff alleges that his lawyer "never called witness's [sic] that could have proved the evidence the state used to prove this murder was premeditated was all lies." (*Id.* at 9). His lawyer also was unsuccessful in suppressing certain evidence, such as a videotaped confession. (*Id.* at 7). Finally, he says that his lawyer did nothing to protect him when the judge presiding over the bench trial fell asleep. (*Id.*).

Last, he alleges, in a conclusory and confusing way, that Jeff Hunt, an investigator for the Department of Children and Family Services "created [the] problem that caused the murder to take place" because he "handled [an] investigation unprofessionally and made issues worse." (*Id.* at 4).

Plaintiff ultimately concludes that there was insufficient evidence to convict him of first degree murder, (*id.* at 8), and requests either: (a) that all charges against him be dismissed with prejudice, with damages of $3,500 per day for each day he has spent incarcerated, or (b) that his first degree murder conviction be reduced to voluntarily manslaughter, with damages of $3,500 per day for each "additional day" beyond a sentence for voluntary manslaughter that he has spent in prison. (*Id.* at 11).

3

## DISCUSSION

As Plaintiff has been granted leave to proceed in forma pauperis, this case is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss the case at any time if the court the determines that the action . . . fails to state a claim on which relief may be granted."

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damage so bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. At the pleading stage, a district court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* If it would, and the plaintiff's underlying conviction has not already been invalidated, the district court must dismiss the case. *Id.*

At its core, each aspect of Plaintiff's Amended Complaint challenges his state court criminal conviction for first degree murder. He believes that an investigator for the Department of Children and Family Services caused the circumstances that led to his wife's death, and he believes that the Livingston County Sherriff and Livingston County State's Attorney manufactured evidence and relied upon false testimony to convict him. On these bases, he argues that the state trial court lacked sufficient evidence to convict for first degree murder. He also believes that his attorney provided inadequate assistance during his trial. Such a claim also challenges

4

the validity of his conviction, as Plaintiff would need to show that his lawyer's constitutionally deficient performance prejudiced the final outcome of his conviction. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Indeed, the relief that Plaintiff requests is inextricably intertwined with his conviction: he seeks to have his conviction vacated and also seeks monetary damages that are directly tied to each day for which he was unlawfully incarcerated.

In light of this, the Court concludes that a finding in Plaintiff's favor would necessarily require a finding that Plaintiff's currently-in-place conviction is invalid. Awarding money damages on this basis is something that the Court cannot do, so Plaintiff's claims must be dismissed. *See Heck*, 512 U.S. at 486-87.

If Plaintiff wishes to challenge his conviction in federal court, he must seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The proper respondent in a habeas corpus action is the warden of the facility where the inmate seeking the writ is an inmate. *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). The various Defendants Plaintiff has listed in his Amended Complaint are not proper respondents in a habeas action.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to File an Amended Complaint (Doc. 7) is GRANTED, but Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE because his claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). All other pending motions are DENIED AS MOOT. CASE TERMINATED.

Entered this 19th day of July, 2016.

                                                s/Joe B. McDade
                                                JOE BILLY McDADE
                              United States Senior District Judge